UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>IRAQ AND AFGHANISTAN DETAINEES LITIGATION | Misc. No. 06-145 (TFH) |
| This document relates to:<br><br>ALI, *et al.* v. PAPPAS | No. 05-cv-1377 (TFH) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT PAPPAS'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## INTRODUCTION

Plaintiffs are Iraqi civilians who, without ever being prosecuted for any wrongdoing, were detained and subjected to torture and other cruel, inhuman or degrading treatment while under the control and authority of Defendant Thomas M. Pappas and his subordinates. Defendant Pappas commanded the 205th Military Intelligence Brigade in Iraq until he was relieved of command on May 9, 2005 for dereliction of duty.

On March 4, 2005, Plaintiffs served Defendant Pappas at his parents' home in Norwich, CT, by serving the summons and complaint on Defendant Pappas's father. Plaintiffs filed suit in Connecticut because Defendant Pappas has used the Norwich address in public documents since April 1998, supporting Plaintiffs' allegation that Defendant Pappas maintains his primary residence in Connecticut. In order to avoid the jurisdiction of this Court, Defendant Pappas now claims—a full year after service of process—that he is a New Jersey resident.

533171.1

Defendant Pappas ("Pappas") argues that this Court should dismiss the complaint because it does not allege facts sufficient to support the personal jurisdiction of the District of Connecticut over him. (Pappas Br. at 41.) Pappas concedes that, were he a resident of Connecticut, personal jurisdiction would exist.[1] In support of his claim to be a New Jersey resident, rather than a resident of Connecticut, he declares that he was living in New Jersey when he joined the military; that he considers New Jersey his legal domicile; and that he intends to return to New Jersey when he has completed his military service. (Pappas Decl.) Plaintiffs, by contrast, have alleged thatPappas is a legal resident of Connecticut for purposes of personal jurisdiction. Am. Compl. ¶ 30. That remains true even if New Jersey is Pappas's "home of record" for purposes of determining his travel allowance at the time of discharge from the military. Moreover, even if Pappas is not a Connecticut resident and does not have sufficient contacts with Connecticut to come within the purview of its long-arm statute (which he has not contested), the appropriate course of action is to proceed with the consolidated pre-trial proceedings in this Court and then transfer this case to the District of New Jersey for trial.

## ARGUMENT

### I. Plaintiffs Have Established a Prima Facie Case for Connecticut Jurisdiction.

Pappas argues that Plaintiffs do not plead facts sufficient to establish personal jurisdiction under Connecticut's long-arm statute. (Pappas Br. at 41.) These arguments miss the point because Plaintiffs did not allege jurisdiction under the long-arm statute. Rather, Plaintiffs allege jurisdiction based on legal residence.[2]

---

[1] After filing the motion to dismiss, counsel for Defendant Pappas agreed to accept service of the Consolidated Amended Complaint, but did not thereby waive the right to bring a challenge based on lack of personal jurisdiction. *See* Joint Motion For An Extension Of Time For Defendants To Respond To A Consolidated Amended Complaint (Dec. 12, 2005).

Plaintiffs alleged based on public records that Defendant Pappas's legal residence is in the State of Connecticut. (Am. Compl. ¶ 30.) Since April 1998, Defendant Pappas has used an address in Norwich, CT, where his parents own a house and reside. (Declaration of Melissa Matheny in Support of Plaintiffs' Opposition ¶ 3.) He does not identify any ties to New Jersey other than his declared intent to return there once he has completed his military service. (Pappas Decl.) He makes no attempt to deny having contacts with Connecticut. (*Id.*) Thus, even if his declaration is credited, it does not warrant dismissing the Complaint.

Plaintiffs based their allegation that Pappas is a resident of Connecticut on records found on Accurint, a Lexis-Nexis research tool that searches "over 33 billion records from over 8,800 different data sources," and that is "the most widely accepted locate-and-research tool available to government, law enforcement and commercial customers." (Matheny Decl. ¶ 1, filed herewith.) Pappas suggests that Plaintiffs could survive a motion to dismiss if they had alleged that he, for example, "uses a computer located within Connecticut," because this would fall within the purview of Connecticut's long-arm statute. (Pappas Br. at 42.) Plaintiffs have done much more than this. They have alleged that Pappas is a resident of Connecticut based on his consistent use of a Connecticut address.

Pappas cites *Robinson v. Overseas Military Sales Corporation*, 21 F.3d 502 (2d Cir. 1994) for the proposition that Plaintiffs have the burden to plead facts establishing personal jurisdiction, and that they have not done this. (Pappas Br. at 41.) With this citation, Pappas again addresses the issue of long-arm jurisdiction — on which Plaintiffs do not rely — rather

---

[2] Plaintiffs do not believe that the complaint must set out the factual basis for an allegation of jurisdiction, any more than it must set out the factual basis for other allegations. *See* Fed. R. Civ. P. 8. However, if this Court believes that the bases for Plaintiffs' allegation about Defendant Pappas's legal residence should be spelled out in the Complaint, Plaintiffs respectfully request leave to amend the Complaint to include this information and also to plead, in the alternative, that Connecticut has long-arm jurisdiction over Pappas.

than the actual basis for personal jurisdiction in this case, which is Defendant Pappas's legal residence in Connecticut. In *Robinson*, the court of appeals found that a single phone call placed from Dallas to New York in which none of the defendants had participated did not support the long-arm jurisdiction of New York courts over the defendants, particularly where the defendants had not lived in or traveled to or through New York. *Robinson*, 21 F.3d at 511. By contrast, Plaintiffs here allege that Pappas is a *resident* of Connecticut—an indisputable basis for personal jurisdiction. Plaintiffs have therefore pled facts sufficient to establish personal jurisdiction; Pappas simply disputes these facts.

Moreover, *Robinson* makes clear that, when a motion to dismiss for lack of jurisdiction is decided solely on the basis of pleadings and supporting affidavits, the plaintiff need only make a *prima facie* showing of jurisdiction. *Id.* at 507. At this stage of the proceedings, the Plaintiffs are entitled to the benefit of the doubt: "[i]f the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993) (*quoting Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990)).[3]

As the attached declaration of Melissa Matheny indicates, Pappas has used a Connecticut address since 1998. (Matheny Decl. ¶ 3 & Exh. 1.) Plaintiffs' investigation did not reveal any contacts between Pappas and New Jersey in the form of voter registration records, driver's

---

[3] If the Court finds it necessary to hold an evidentiary hearing on the question of personal jurisdiction, Plaintiffs are prepared to serve jurisdictional discovery on Defendant Pappas within 15 days of an order from this Court permitting such discovery.

license information, vehicle registration, state income tax records, real estate holdings, or any other indicia of residence. (*Id.* ¶ 4.) These facts are sufficient to defeat his motion to dismiss.

Pappas does not present any evidence of his purported residence in New Jersey, or his lack of ties to Connecticut, other than his simple declaration of intent to return to New Jersey. While the fact that he resided in New Jersey at the time he entered military service may make New Jersey his "home of record" for the purpose of determining his travel allowance at the time of discharge, this does not mean that New Jersey remains Pappas's actual state of residence, particularly given his consistent use of a Connecticut address. Moreover, even if Pappas now intends to return to New Jersey, this does not mean that New Jersey has remained his residence continuously since 1968, as he asserts in his cursory declaration: "While one's statements may supply evidence of the intention requisite to establish domicile at a given place of residence, they cannot supply the fact of residence there; and they are of slight weight when they conflict with the fact." *Texas v. Florida*, 306 U.S. 398, 425 (1939) (citations omitted). Thus, Pappas's declaration does not defeat Plaintiffs' *prima facie* showing. At a minimum, the record shows "that Colonel Pappas 'purposefully availed' himself of activities in Connecticut such that he would have had a[] basis to anticipate being haled into court [t]here." (Pappas Br. at 42-43.) There is no basis for granting Pappas's motion to dismiss on jurisdictional grounds.

II. **If Connecticut Does Not Have Jurisdiction, This Case Should Be Transferred, Not Dismissed.**

If this Court determines, either on the face of the pleadings or after permitting discovery and holding an evidentiary hearing, that Connecticut does not have personal jurisdiction over Defendant Pappas, this Court should transfer the action to an appropriate jurisdiction under 28 U.S.C. § 1406(a). If the Court is inclined to grant Pappas's motion, Plaintiffs request leave to file a § 1406(a) motion for transfer in the interest of justice. Plaintiffs have not filed such a

motion at this time because Plaintiffs maintain that jurisdiction is proper in the District of Connecticut, and that jurisdictional discovery would be required to establish otherwise.[4]

A dismissal for want of personal jurisdiction is not a decision on the merits, and would therefore not preclude Plaintiffs from re-filing in the District of New Jersey or another jurisdiction. *Robinson*, 21 F.3d at 507 n.4. However, Plaintiffs would likely face a statute of limitations problem that could prevent their claims from being adjudicated on the merits—a result that 28 U.S.C. § 1406(a) was explicitly designed to prevent. The Supreme Court has emphasized:

> The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, *whether the court in which it was filed had personal jurisdiction over the defendants or not*. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. … If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities."

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962) (emphasis added). Because Plaintiffs may not be able to file their claims in the District of New Jersey within the applicable statutes of limitations, the interest of justice requires transfer, rather than dismissal, so that Plaintiffs' claims will be heard.

---

[4] At this juncture, this case is procedurally distinguishable from the similar question faced by this Court in *In re: Vitamins Antitrust Litigation*, MDL No. 1285, 270 F. Supp. 2d 15 (D.D.C. 2003) (Hogan, C.J.). In *Vitamins*, the class plaintiffs did not dispute that certain claims should properly have been filed in Minnesota, and this Court accordingly granted class plaintiffs' motion to sever and transfer those claims for the convenience of the parties and witnesses, and in the interest of justice. If discovery shows that, in fact, this action should have been filed in the District of New Jersey (or in another district), Plaintiffs request leave to file a motion for transfer under § 1406(a) as the class plaintiffs did in *Vitamins*.

**CONCLUSION**

Plaintiffs filed suit against Defendant Pappas in the District of Connecticut based on the most reliable and current information available. They have offered sufficient evidence to establish a *prima facie* case for personal jurisdiction, which is all they are required to do prior to discovery. Pappas's motion to dismiss for lack of personal jurisdiction should therefore be denied.

If this Court finds that Plaintiffs have not established a *prima facie* showing of personal jurisdiction, Plaintiffs request leave to take jurisdictional discovery so that this Court may hold an evidentiary hearing to determine (1) whether Pappas legally resides in Connecticut and, (2) if Pappas is a legal resident of New Jersey (or another state), whether his conduct brings him within the Connecticut long-arm statute. If, based on this additional evidence, this Court finds that the District of Connecticut does not have personal jurisdiction, Plaintiffs request leave to file a motion for transfer under 28 U.S.C. § 1406(a) to cure this jurisdictional defect, so that their claims can be adjudicated on the merits.

Date: May 19, 2006

Respectfully Submitted,

/s/ *Arthur B. Spitzer*
_____
ARTHUR B. SPITZER
American Civil Liberties Union of the
National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

BILL LANN LEE
CHIMÈNE I. KEITNER
Lieff Cabraser Heimann & Bernstein LLP
275 Battery Street, Suite 3000
San Francisco, CA 94111-3339
(415) 956-1000

LUCAS GUTTENTAG
CECILIA D. WANG
American Civil Liberties Union Foundation
Immigrants' Rights Project
405 14th Street, Suite 300
Oakland, CA 94612
(510) 625-2010

STEVEN R. SHAPIRO
OMAR C. JADWAT
AMRIT SINGH
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
(212) 549-2500

DAVID RUDOVSKY
Kairys, Rudovsky, Epstein & Messing LLP
924 Cherry St., Suite 500
Philadelphia PA 19107
(215) 925-4400

PAUL HOFFMAN
Schonbrun DeSimone Seplow Harris &
    Hoffman LLP
723 Ocean Front Walk
Venice, CA 90291
(310) 396-0731

ERWIN CHEMERINSKY
Duke University School of Law
Science Drive & Towerview Rd.
Durham, NC 27707
(919) 613-7173

**Counsel for Plaintiffs in Ali, et al. v. Pappas**